## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

KATHY MORELAND                    vs.   AMERICAN COMMERCIAL REALTY CORP.

**Court:** 24th Judicial District            **Docket Number:** 827970

**Parish of Filing:** Jefferson            **Filing Date:** 05/06/2022

**Name of Lead Petitioner's Attorney:** BRIAN L KING

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** _____            **Number of named defendants:** ____

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

- [ ] Auto: Personal Injury
- [ ] Auto: Property Damage
- [ ] Auto: Wrongful Death
- [ ] Auto: Uninsured Motorist
- [ ] Asbestos: Property Damage
- [ ] Asbestos: Personal Injury/Death
- [ ] Product Liability
- [x] Premise Liability
- [ ] Intentional Bodily Injury
- [ ] Intentional Property Damage
- [ ] Intentional Wrongful Death
- [ ] Unfair Business Practice
- [ ] Business Tort
- [ ] Fraud
- [ ] Defamation
- [ ] Professional Negligence
- [ ] Environmental Tort
- [ ] Medical Malpractice
- [ ] Intellectual Property
- [ ] Toxic Tort
- [ ] Legal Malpractice
- [ ] Other Tort (describe below)
- [ ] Other Professional Malpractice
- [ ] Redhibition
- [ ] Maritime
- [ ] Class action (nature of case)
- [ ] Wrongful Death
- [ ] General Negligence
- [ ] Hurricane Case

**Please briefly describe the nature of the litigation in one sentence of additional detail:**

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name  BRIAN L KING                    Signature /s/ BRIAN L KING

Address  2912 Canal Street, New Orleans, LA 70119

Phone number: 5049095464            **EXHIBIT 1**            ng@kinginjuryfirm.com

24th E-Filed: 05/06/2022 11:27 Case: 827970 Div:C Atty:024817 BRIAN L KING





24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 827-970                                                    DIVISION C

KATHY MORELAND

VERSUS

AMERICAN COMMERCIAL REALTY CORP., CINCINNATI INSURANCE COMPANY
and HOME DEPOT U.S.A., INC.

FILED: _____                _____
                                                          DEPUTY CLERK

PETITION FOR DAMAGES

The petition of **KATHY MORELAND**, a person of the full age of majority and resident
of Orleans Parish, respectfully represents:

1.

Defendants are:

**AMERICAN COMMERCIAL REALTY CORP.,** a domestic company licensed to and
doing business in the State of Louisiana;

**CINCINNATI INSURANCE COMPANY**, a foreign insurance company, licensed to
do and doing business in the State of Louisiana; and

**HOME DEPOT U.S.A., INC.** a foreign corporation licensed to do and doing business in
the State of Louisiana.

2.

Defendants are liable and indebted to Petitioner for such damages as are reasonable in the
premises, including past physical pain and suffering, future physical pain and suffering, past
mental pain and suffering, future mental pain and suffering, medical expenses, loss of earnings,
future loss of earning capacity, and permanent disability to the body, loss of consortium together
with legal interest thereon from date of judicial demand, until paid, and for all costs of these
proceedings, for the following:

24th E-Filed: 05/06/2022 11:27 Case: 827970 Div:C Atty:024817 BRIAN L KING

3.

On or about **May 27, 2021** an incident occurred in the parking lot of Westside Shopping Center in front of Home Depot located at 62 Westbank Expy, Gretna, LA 70053, which is owned and/or operated and maintained, by Defendant **AMERICAN COMMERCIAL REALTY CORP.**. Petitioner was walking in the parking lot and fell inside a hole or crack on the premises.

4.

In addition to or alternatively, On or about **May 27, 2021** an incident occurred in the parking lot of Westside Shopping Center in front of Home Depot located at 62 Westbank Expy, Gretna, LA 70053, which is operated and maintained by Defendant **HOME DEPOT U.S.A., INC.** Petitioner was walking in the parking lot and fell inside a hole or crack on the premises.

5.

The sole and proximate cause of the above referenced accident was the negligence and fault of defendant, **AMERICAN COMMERCIAL REALTY CORP. and/or HOME DEPOT U.S.A., INC.**, which is attributed to but not limited to the following non-exclusive particulars:

    a)    Failure to ensure customers' safety;

    b)    Failure to make certain no persons walked in the area where a hazard existed;

    c)    Failure to take necessary precautions;

    d)    Failure to provide a reasonably safe area for customers to walk;

    e)    Failure to keep a good and careful lookout for dangers which faced invitees on the premises;

    f)    Failure to exercise reasonable care to keep aisles, passageways, and floors in a reasonably safe condition;

    g)    Failure to make a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage; and

    h)    Any and all other acts of negligence which may be proven at the trial of this matter.

24th E-Filed: 05/06/2022 11:27 Case: 827970 Div:C Atty:024817 BRIAN L KING

6.

The condition that caused Petitioner's fall, presented an unreasonable risk of harm to Petitioner, and the risk of harm was reasonably foreseeable to Defendants.

7.

Defendants failed to exercise reasonable care in maintaining the premises where its invited guests walked.

8.

Defendants knew of the hole or crack in the parking lot that Petitioner fell in and failed to warn Petitioner of the known harm.

9.

Defendants should have known of the hole or crack in the parking lot that Petitioner fell in and failed to exercise reasonable care in repairing or warning Petitioner of the potential harm

10.

As a result of the above referenced negligence of the defendants, Petitioner suffered personal injury and is entitled to recover such damages as are reasonable in the premises.

11.

At all relevant times, **THE CINCINNATI INSURANCE COMPANY** provided a policy of liability insurance on the property owned by Defendant **AMERICAN COMMERCIAL REALTY CORP.** on the date of this accident, which provided coverage for the type of loss sued upon, thus rendering **THE CINCINNATI INSURANCE COMPANY** liable to Petitioner with the other named Defendants..

Therefore, Petitioner prays that Defendants be duly cited and served with a copy of this Petition and, after all due proceedings are had, there be a judgment in favor of Petitioner and against the defendants in amounts as are reasonable in the premises, including but not limited to, past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, past and future medical expenses, loss of past and

24th E-Filed: 05/06/2022 11:27 Case: 827970 Div:C Atty:024817 BRIAN L KING

future earnings, loss of future earning capacity, permanent disability of the body, loss of consortium, and loss of enjoyment of life together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings.

Petitioner prays for all general and equitable relief.

Respectfully submitted,

Brian King, La. Bar #24817
Jason F. Giles, La. Bar #29211
The King Firm, LLC
2912 Canal Street
New Orleans, LA 70119
Phone 504-909-5464
Fax 800-901-6470
bking@kinginjuryfirm.com
jgiles@kinginjuryfirm.com

PLEASE SERVE:

THE CINCINNATI INSURANCE COMPANY
Through the Louisiana Secretary of State

AMERICAN COMMERCIAL REALTY CORP.
Through the Longarm Statute:
Attn: Richard Baer
300 Avenue of the Champions
Suite 140
Palm Beach Gardens, FL 33418

HOME DEPOT U.S.A., INC.
Through its agent for service:
CSC OF ST. TAMMANY PARISH, INC.
417 W. 21ST AVENUE
COVINGTON, LA 70433

24th E-Filed: 05/06/2022 11:27 Case: 827970 Div:C Atty:024817 BRIAN L KING

 [ SERVICE COPY ] / [RETURN COPY] 

(101) CITATION: PETITION FOR DAMAGES;                          220512-2957-7

### 24TH JUDICIAL DISTRICT COURT
### PARISH OF JEFFERSON
### STATE OF LOUISIANA

FILED FOR RECORD 06/07/2022 14:12:14
Deborah A. Bolotte DY CLERK
JEFFERSON PARISH LA

KATHY MORELAND
   versus                                    Case: 827-970   Div: "C"
AMERICAN COMMERCIAL REALTY CORP, CINCINNATI   P 1 KATHY MORELAND
INSURANCE COMPANY AND HOME DEPOT USA INC

To:  CINCINNATI INSURANCE COMPANY
THROUGH THE
LOUISIANA SECRETARY OF STATE              SOS CK #7284 $50.00
8585 ARCHIVES AVENUE                      EBR CK #7285 $39.36
BATON ROUGE LA 70809

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, within TWENTY-ONE (21) CALENDAR days after
the service hereof, under penalty of default.

This service was requested by attorney BRIAN L. KING and was issued by the Clerk of Court
on the 12th day of May, 2022.

/s/ Karen F Mcevers
Karen F Mcevers, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

————————————SERVICE INFORMATION————————————

(101) CITATION: PETITION FOR DAMAGES;                          220512-2957-7

Received:_____   Served:_____   Returned:_____

Service was made:
   ___ Personal              ___ Domicilary _____

Unable to serve:
   ___ Not at this address      ___ Numerous attempts _____ times
   ___ Vacant                  ___ Received too late to serve
   ___ Moved                   ___ No longer works at this address
   ___ No such address         ___ Need apartment / building number
   ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____   # _____
             Deputy Sheriff
Parish of: _____

I made service on the named party through the

Office of the Secretary of State on

**MAY 2 0 2022**

by tendering a copy of this document to:
JULIE NESBITT

DY. M. LOCKWOOD #0803
Deputy Sheriff, Parish of East Baton Rouge, LA

RECEIVED
DATE
MAY 1 9 2022
E.B.R. Sheriff Office

   [ SERVICE COPY ]   [RETURN COPY]   

1:828

FILED FOR RECORD 06/01/2022 10:16:07
Deborah A. Bolotte DY CLERK
JEFFERSON PARISH LA

(101) CITATION: PETITION FOR DAMAGES;   220512-2958-5

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

KATHY MORELAND
versus
AMERICAN COMMERCIAL REALTY CORP, CINCINNATI
INSURANCE COMPANY AND HOME DEPOT USA INC

Case: 827-970    Div: "C"
P 1 KATHY MORELAND

To:  HOME DEPOT USA INC
THROUGH ITS AGENT FOR SERVICE:
CSC OF ST TAMMANY PARISH INC
417 W 21ST AVENUE
COVINGTON LA 70433

ST TAMMANY CK #7286 $35.80

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, within TWENTY-ONE (21) CALENDAR days after
the service hereof, under penalty of default.

This service was requested by attorney BRIAN L. KING and was issued by the Clerk of Court
on the 12th day of May, 2022.

/s/ Karen F Mcevers
Karen F Mcevers, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION _____

(101)  CITATION: PETITION FOR DAMAGES;   220512-2958-5

(26)827970 - C/P - SN #1
Served - Personal on          INT:
CSC of St Tammany Parish, Inc. On Behalf Of Home De
417 West 21ST AV, COVINGTON
Return Date & Time: 05/23/2022 10:41AM
Through Sherri Swanson (Legal Assistant)

Laura Aucoin, Deputy Sheriff

2022 MAY 16 A 11:28

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

PRE-PAID
7286 5/17/22

 **[ SERVICE COPY ]  /  [RETURN COPY]** 

(101) CITATION: PETITION  FOR DAMAGES;                    220509-2060-6

### 24TH JUDICIAL DISTRICT COURT
### PARISH OF JEFFERSON
### STATE OF LOUISIANA

KATHY MORELAND
   versus                                              Case: 827-970    Div: "C"
AMERICAN COMMERCIAL REALTY CORP, CINCINNATI   P 1 KATHY MORELAND
INSURANCE COMPANY, HOME DEPOT USA INC

To:  AMERICAN COMMERCIAL REALTY CORP
ATTN:  RICHARD BAER
300 AVENUE OF THE CHAMPIONS                    THROUGH THE LONGARM STATUTE♂
SUITE 140
PALM BEACH GARDENS,  FL 33418

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION  FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, within (30) CALENDAR days after the return of
service hereof, under penalty of default.

This service was requested by attorney BRIAN L. KING and was issued by the Clerk of Court
on the 9th day of May, 2022.

                    /s/ Donna G. Muscarello
                    Donna G. Muscarello, Deputy Clerk of Court for
                    Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION  FOR DAMAGES;                    220509-2060-6

Received:_____     Served:_____     Returned:_____

Service was made:
   ___ Personal                    ___ Domicilary _____

Unable to serve:
      ___ Not at this address        ___ Numerous attempts _____ times
      ___ Vacant                    ___ Received too late to serve
      ___ Moved                     ___ No longer works at this address
      ___ No such address           ___ Need apartment / building number
      ___ Other _____

Service: $_____     Mileage: $_____     Total: $_____

Completed by:_____ #_____
                    Deputy Sheriff
Parish of: _____

Imaged 05/09/2022 08:42 - Signed: Deputy Clerk of Court /s/ Donna G. Muscarello

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 827-970                                                    DIVISION "C"

KATHY MORELAND

VS.

AMERICAN COMMERCIAL REALTY CORP.,
CINCINNATI INSURANCE COMPANY and
HOME DEPOT USA, INC.

FILED: _____        _____
                                                        DEPUTY CLERK

## MOTION FOR EXTENSION OF TIME IN WHICH TO PLEAD

The Defendant, American Commercial Realty Corp., submits this Motion for Extension of Time in Which to Plead.

Undersigned counsel requires additional time in which to prepare an adequate response on behalf of American Commercial Realty Corp. and therefore suggests that an additional thirty (30) days would be appropriate.

WHEREFORE, considering the foregoing Motion for Extension of Time in Which to Plead, the Defendant, American Commercial Realty Corp., should be given an additional thirty (30) days in which to file responsive pleadings, up to and including July 15, 2022.

Respectfully submitted:

**GAUDRY, RANSON, HIGGINS
& GREMILLION, LLC**

BY: _____
**WADE A. LANGLOIS, III (#17681)
GINO R. FORTE (#29190)
KAYLYN E. BLOSSER (#38673)**
401 Whitney Ave., Suite 500
Gretna, LA  70056
Telephone:  (504) 362-2466
Fax:  (504) 362-5938
*Counsel for Defendant,*
*American Commercial Realty Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above Motion has been served electronically upon

counsel of record for the plaintiff, via electronic means, on this ___6___ day of June, 2022:

      Bryan King (Via email:  bking@kinginjuryfirm.com)
      Jason Giles (Via email:  jgiles@kinginjuryfirm.com)
      The King Firm, LLC
      2912 Canal Street
      New Orleans, LA  70119

                                 _____
                                    GINO R. FORTE

24th E-Filed: 06/06/2022 16:25 Case: 827970 Div:C Atty:029190 GINO R FORTE

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 827-970                                                      DIVISION "C"

KATHY MORELAND

VS.

AMERICAN COMMERCIAL REALTY CORP,
CINCINNATI INSURANCE COMPANY and
HOME DEPOT USA, INC.

FILED: _____          _____
                                                          DEPUTY CLERK

### ORDER

Considering the foregoing Motion for Extension of Time in Which to File
Responsive Pleadings;

IT IS HEREBY ORDERED that the Defendant, American Commercial Realty
Corp., be given an additional thirty (30) days in which to file responsive pleadings, up to
and including July 15, 2022.

Signed in Gretna, Louisiana, on this 07 day of June, 2022.

_____
June Berry Darensburg
J U D G E

**PLEASE MAIL NOTICE OF SIGNED ORDER**
**TO THE FOLLOWING COUNSEL OF RECORD:**

GINO R. FORTE
401 Whitney Ave., Suite 500
Gretna, LA 70056

g:\4076\0006 - moreland\pleadings\mot for extension.docx

24th E-Filed: 06/06/2022 16:25 Case: 827970 Div:C Atty:029190 GINO R FORTE

SIGNED: HON. JUNE BERRY DARENSBURG - DIVISION: C - 06/07/2022 22:46:39 - CASE:827970 - ID:115997

FILED FOR RECORD 06/08/2022 10:09:12
Alecia M. LaCour DY CLERK
JEFFERSON PARISH LA

PI

503

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.    827970                                    DIVISION "C"

**KATHY MORELAND**

**VERSUS**

**AMERICAN COMMERCIAL REALTY CORP., CINCINNATI INSURANCE COMPANY
and HOME DEPOT U.S.A., INC.**

FILED:_____                    _____
                                                DEPUTY CLERK

<u>**AFFIDAVIT OF SERVICE**</u>

BEFORE ME, the undersigned Notary in and for the Parish of Orleans, State of Louisiana, personally came and appeared

**BRIAN KING**

A person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana whom after being duly sworn, did depose, as follows, to wit:

I.

That service of the Petition for Damages was sent to American Commercial Realty Corp., attention  Richard Baer at their last known address on May 11, 2022 via the Louisiana Long Arm statute. Service was confirmed and perfected on May 16, 2022. Copies of the Citation, Letter to American Commercial Realty Corp., and certified receipt and green card are attached hereto as Exhibit "1".  Service included a certified true copy of the Petition for Damages and citation as issued by the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson,

bearing docket number 827-970, Division "C".

II.

That he has read the above and foregoing and it is true and correct to the best of his knowledge and belief.

_____

BRIAN KING

SUBSCRIBED AND SWORN to before me this __9th__ day of May, 2022, by Brian King, who proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____

NOTARY PUBLIC

Jason F. Giles

#29211

For Life

2 of 2



# THE KING FIRM

Attorneys:
Brian King
Jason F. Giles
Anthony J. Milazzo, III
Justin A. Reese
Michael J. Simonson
John Love Norris, IV

Phone: 504-909-5464
Fax: 800-901-6470

Writer's email:
bking@kinginjuryfirm.com

May 31, 2022

Clerk of Court, 24th Judicial District Court for Jefferson Parish
200 Derbigny St.
Gretna, LA 70053

Re:   *Kathy Moreland vs, American Commercial realty Corp., et al*
      24th JDC, No. 827970; Division "C"

Dear Clerk:

Enclosed   please find an Affidavit of Service, in regards to the above
case, which I ask that you please file and return a clocked-in copy in
the self-addressed stamped envelope, provided for your use.  I have
enclosed a check in the amount of $2.00 to cover the filing cost.

Sent 6/8/22 AL

Should you have any questions or concerns, please do not hesitate to
contact my office.

Ring the King,

**Brian King**
Enclosure

2912 Canal Street
New Orleans, Louisiana 70119

FILED FOR RECORD 06/08/2022 10:09:40
Alecia M. LaCour DY CLERK
JEFFERSON PARISH LA

PI
512

 

# THE KING FIRM

Attorneys:
Brian King
Jason Giles
Anthony J. Milazzo, III
Justin A. Reese
Michael J. Simonson
John Love Norris, IV

Phone: 504-909-5464
Fax: 800-901-6470

Writer's email:
bking@kinginjuryfirm.com

May 11, 2022

Via U.S. & Certified Mail # 7020 2450 0000 5003 0352

American Commercial Realty Corp.
Attn:  Richard Baer
300 Avenue of the Champions
Suite 140
Palm Beach Gardens, FL 33418

Re:   *Kathy Moreland vs. American Commercial Realty Corp, et.al*
       24th JDC No. 827-970, Div. "C"

Dear Mr. Baer:

Please be advised that the above-referenced lawsuit has been filed
against American Commercial Realty Corp., in connection with an
incident that occurred on  May 27, 2021.  Under Louisiana law, this
constitutes service.  Please respond within thirty days of receiving this
citation,  delivered through the Louisiana Long-Arm Statute, to avoid
penalties of default.

Ring The King,

Brian King
Enclosures

USPS TRACKING #

|||||||| WEST PALM BCH FL 334 ||||||||

9590 9402 6553 1028 7397 95

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

The King Firm
2912 Canal St.
New Orleans, LA 70119

Re: Moreland, Kathy

9-636599



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

American Commercial Realty Corp
Attn. Richard Baer
300 Avenue of the Champions
Suite 140
Palm Beach Gardens, Fl 33418

9590 9402 6553 1028 7397 95

2. Article Number (Transfer from service label)

7020 2450 0000 5003 0352

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
JOAN M LOMANGINO              5/10/22

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053       Domestic Return Receipt

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 827-970                                                              DIVISION "C"

KATHY MORELAND

VS.

AMERICAN COMMERCIAL REALTY CORP.,
CINCINNATI INSURANCE COMPANY and
HOME DEPOT USA, INC.

FILED: _____          _____

                                                             DEPUTY CLERK

## MOTION FOR EXTENSION OF TIME IN WHICH TO PLEAD

The Defendants, Home Depot USA, Inc. and Cincinnati Insurance Company,

submit this Motion for Extension of Time in Which to Plead.

Undersigned counsel requires additional time in which to prepare an adequate

response on behalf of Home Depot U.S.A., Inc. and Cincinnati Insurance Company and

therefore suggests that an additional thirty (30) days would be appropriate.

WHEREFORE, considering the foregoing Motion for Extension of Time in Which

to Plead, the Defendants, Home Depot U.S.A., Inc. and Cincinnati Insurance Company,

should be given an additional thirty (30) days in which to file responsive pleadings, up to

and including Monday, July 11, 2022.

Respectfully submitted:

**GAUDRY, RANSON, HIGGINS
& GREMILLION, LLC**

BY: _____

**WADE A. LANGLOIS, III (#17681)
GINO R. FORTE (#29190)
KAYLYN E. BLOSSER (#38673)**
401 Whitney Ave., Suite 500
Gretna, LA  70056
Telephone:  (504) 362-2466
Fax:  (504) 362-5938
*Counsel for Defendants,*
*Home Depot U.S.A., Inc. and Cincinnati*
*Insurance Company*

24th E-Filed: 06/09/2022 13:46 Case: 827970 Div:C Atty:029190 GINO R FORTE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above Motion has been served electronically upon

counsel of record for the plaintiff, via electronic means, on this _____9_____ day of June, 2022:

Brian King (Via email:  bking@kinginjuryfirm.com)
Jason Giles (Via email:  jgiles@kinginjuryfirm.com)
The King Firm, LLC
2912 Canal Street
New Orleans, LA  70119

_____
GINO R. FORTE

24th E-Filed: 06/09/2022 13:46 Case: 827970 Div:C Atty:029190 GINO R FORTE

2

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 827-970                                                    DIVISION "C"

KATHY MORELAND

VS.

AMERICAN COMMERCIAL REALTY CORP,
CINCINNATI INSURANCE COMPANY and
HOME DEPOT USA, INC.

FILED: _____                    _____
                                                              DEPUTY CLERK

### ORDER

Considering the foregoing Motion for Extension of Time in Which to File Responsive Pleadings;

IT IS HEREBY ORDERED that the Defendants, Home Depot U.S.A., Inc. and Cincinnati Insurance Company, be given an additional thirty (30) days in which to file responsive pleadings, up to and including Monday, July 11, 2022.

Signed in Gretna, Louisiana, on this 10____ day of June, 2022.

                                        _____
                                                June Berry Darensburg
                                        J U D G E

**PLEASE MAIL NOTICE OF SIGNED ORDER**
**TO THE FOLLOWING COUNSEL OF RECORD:**

GINO R. FORTE
401 Whitney Ave., Suite 500
Gretna, LA  70056

g:\4076\0006 - moreland\pleadings\mot for ext (home depot).docx

24th E-Filed: 06/09/2022 13:46 Case: 827970 Div:C Atty:029190 GINO R FORTE

SIGNED: HON. JUNE BERRY DARENSBURG - DIVISION: C - 06/10/2022 13:07:04 - CASE:827970 - ID:116239

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 827-970                                                            DIVISION "C"

KATHY MORELAND

VS.

AMERICAN COMMERCIAL REALTY CORP.,
CINCINNATI INSURANCE COMPANY and
HOME DEPOT USA, INC.

FILED: _____          _____
                                                        DEPUTY CLERK

### <u>ANSWER TO PETITION FOR DAMAGES</u>
### <u>AND REQUEST FOR JURY</u>

NOW INTO COURT, through undersigned counsel, come the Defendants, American Commercial Realty Corp., Home Depot USA, Inc. and The Cincinnati Insurance Company (erroneously named as Cincinnati Insurance Company), and respond to the Petition for Damages filed by the Plaintiff, Kathy Moreland, as follows:

I.

The allegations of Paragraph 1 of the Petition for Damages are denied to the extent that American Commercial Realty Corp. is a foreign corporation (not a domestic company) licensed to do and doing business in the State of Louisiana. The allegations are admitted to the extent that The Cincinnati Insurance Company is a foreign insurance company licensed to do and doing business in Louisiana. The allegations are admitted to the extent that Home Depot USA, Inc. is a foreign corporation licensed to do and doing business in Louisiana.

II.

The allegations of Paragraph 2 of the Petition for Damages are denied.

III.

The allegations of Paragraph 3 of the Petition for Damages are denied for lack of sufficient information with regard to the alleged incident having occurred and/or having occurred on May 27, 2021. The allegations are admitted only to the extent that American Commercial Realty Corp. had certain maintenance responsibilities pursuant to its contract with respect to the parking lot. American Commercial Realty Corp. denies that it had

24th E-Filed: 07/12/2022 11:24 Case: 827970 Div:C Atty:029190 GINO R FORTE

ownership of the subject property at any relevant time. All remaining allegations are denied.

IV.

The allegations of Paragraph 4 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

V.

The allegations of Paragraph 5 of the Petition for Damages, including those subparts (a - h), are denied.

VI.

The allegations of Paragraph 6 of the Petition for Damages are denied.

VII.

The allegations of Paragraph 7 of the Petition for Damages are denied.

VIII.

The allegations of Paragraph 8 of the Petition for Damages are denied for lack of sufficient information.

IX.

The allegations of Paragraph 9 of the Petition for Damages are denied.

X.

The allegations of Paragraph 10 of the Petition for Damages are denied.

XI.

The allegations of Paragraph 11 of the Petition for Damages are admitted to the extent that The Cincinnati Insurance Company provided a policy of commercial general liability insurance to American Commercial Realty Corp. The terms, conditions, exclusions, and limits of said policy are asserted here as if copied *in extenso*. All remaining allegations of Paragraph 11 are denied.

XII.

The allegations of the prayer for relief paragraph, immediately following Paragraph 11 of the Petition for Damages, are denied

24th E-Filed: 07/12/2022 11:24 Case: 827970 Div:C Atty:029190 GINO R FORTE

## AFFIMATIVE DEFENSES

AND NOW, responding further, and upon information and belief, lest such be waived, the Defendants respectfully assert the following affirmative defenses to each allegations contained in the Plaintiff's Petition for Damages:

1.

The accident, injuries and damages complained of were caused, wholly or in part, by the Plaintiff's fault, which serves as a bar to or in diminution of any recovery.

2.

The accident, injuries and damages complained of were caused, wholly or in part, by the fault of person(s) for whom the Defendants cannot be held liable or responsible, which serves as a bar to in diminution of any recovery.

3.

The Defendants did not have *garde* over the subject premises, the condition at issue, and/or that part of the premises which the Plaintiff alleges to be the cause of her injury, which serves as a bar to or in diminution of any recovery.

4.

The condition complained of did not present an unreasonable risk of harm, which serves as a bar to or in diminution of any recovery.

5.

The Defendants did not have actual or constructive notice of the complained of condition, which serves as a bar to or in diminution of any recovery.

6.

The Defendants did not breach a duty owed to the Plaintiff, which serves as a bar to or in diminution of any recovery.

7.

The accident, injuries, and damages complained of were neither proximately nor legally caused by the Defendants' fault, which serves as a bar to or in diminution of any recovery.

8.

The Plaintiff's alleged damages are speculative and conjectural, which serves as a bar to or in diminution of any recovery.

24th E-Filed: 07/12/2022 11:24 Case: 827970 Div:C Atty:029190 GINO R FORTE

3

9.

The Plaintiff's alleged injuries and damages were caused, wholly or in part, by prior medical conditions which were neither caused nor exacerbated by the accident complained of, which serves as a bar to or in diminution of any recovery.

10.

The Plaintiff has failed to take reasonable steps to mitigate her alleged damages, which serves as a bar to or in diminution of any recovery.

11.

The Cincinnati Insurance Company pleads by reference, as if copied herein *in extenso,* any insurance policy issued to any defendant, or which operate in favor of any named defendant, as the best evidence of the terms and conditions thereof, which serves as a bar to or in diminution of recovery.

12.

Any and all claims asserted against the defendants are time-barred by prescription, preemption, laches or other applicable Statute of Limitations.

13.

The Defendants adopt by reference as of copied herein any and all other affirmative defenses afforded them by the Louisiana Code of Civil Procedure.

14.

The Defendants request a trial by jury on all issues.

WHEREFORE, the Defendants, American Commercial Realty Corp., Home Depot USA, Inc., and The Cincinnati Insurance Company, respectfully pray that the foregoing be deemed good and sufficient, and that after due proceedings are had, that there be judgment, in the Defendants' favor, dismissing the Plaintiff's claims with prejudice and at Plaintiff's costs. The Defendants further pray for all costs of these proceedings and for any and all other general and equitable relief as is appropriate in the premises.

Respectfully submitted:

**GAUDRY, RANSON, HIGGINS
& GREMILLION, LLC**

By: _Dino R. Forte_
_____
**WADE A. LANGLOIS, III, T.A. (#17681)**

4

24th E-Filed: 07/12/2022 11:24 Case: 827970 Div:C Atty:029190 GINO R FORTE

**JOHN J. DANNA, JR. (#28894)**
**GINO R. FORTE (#29190)**
**KAYLYN E. BLOSSER (#38673)**
401 Whitney Ave., Suite 500
Gretna, LA 70056
Telephone: (504) 362-2466
Fax: (504) 362-5938
*Counsel for Defendants,*
*American Commercial Realty Corp.,*
*Home Depot U.S.A., Inc. and The*
*Cincinnati Insurance Company*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, on this 12th day of July, 2022, electronically

served a true and correct copy of the foregoing to the following:

Brian King (Via email: bking@kinginjuryfirm.com)
Jason Giles (Via email: jgiles@kinginjuryfirm.com)
The King Firm, LLC
2912 Canal Street
New Orleans, LA 70119

_Gino R. Forte_
_____
GINO R. FORTE

g:\4076\0006 - moreland\pleadings\answer of defendants.docx

24th E-Filed: 07/12/2022 11:24 Case: 827970 Div:C Atty:029190 GINO R FORTE

5

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 827-970                                                    DIVISION "C"

KATHY MORELAND

VS.

AMERICAN COMMERCIAL REALTY CORP.,
CINCINNATI INSURANCE COMPANY and
HOME DEPOT USA, INC.

FILED: _____          _____
                                                    DEPUTY CLERK

### JURY ORDER

In accordance with C.C.P. Art. 1734(a), in lieu of the bond required in C.C.P. Art. 1734, the mover for the jury trial shall deposit $2,000.00 for the first day and $400.00 cash for each additional day the trial is estimated to last. The cash deposit shall be filed with the clerk of court no later than sixty (60) days prior to trial. The attorney for the mover shall present the receipt for the deposit to the Court prior to commencement of trial. Failure to post the cash deposit shall constitute a waiver of a trial by jury. If the bond is not filed timely any other party shall have an additional ten (10) days to file the bond.

Gretna, Louisiana, this _____ day of _____, 2022.

## SEE ALTERNATE JURY ORDER

_____
JUDGE, 24TH JUDICIAL DISTRICT COURT

g:\4076\0006 - moreland\pleadings\jury order.docx

### JURY ORDER

Trial by jury is provisionally granted upon proper showing that mover is entitled to jury trial. See Art. 893 and 1732 C.C.P.

In accordance with C.C.P. Art. 1734.1, in lieu of the bond required in C.C.P. Art. 1734, the mover for the jury trial shall deposit $2,000.00 (cash) for the first day and $400.00 for each additional day the trial is estimated to last. The cash deposit shall be filed with the Clerk of Court no later than sixty (60) days prior to trial. The attorney for the mover shall present the receipt for the deposit to the court prior to commencement of the trial. Failure to post the cash deposit will constitute a waiver of trial by jury. If the deposit is not timely made, any other party shall have an additional days to make the required deposit. At the time of paying fees, the party praying for the jury trial shall pay to the Clerk of Court $150 as jury filing fees.

You are further notified that unless a motion to continue or dismiss this matter, a notice of settlement, or a waiver of jury trial is filed in writing in the record on or before the 45th day prior to the date above fixed for trial by jury, a proportionate share of costs attributable to having a jury available for that date will be deducted from the jury fees.

Gretna, Louisiana this ___12___ day of __July___, 2022

_____
June Berry Darensburg

24th E-Filed: 07/12/2022 11:24 Case: 827970 Div:C Atty:029190 GINO R FORTE

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 827-970                                                          DIVISION "C"

KATHY MORELAND

VS.

AMERICAN COMMERCIAL REALTY CORP.,
CINCINNATI INSURANCE COMPANY and
HOME DEPOT USA, INC.

FILED: _____        _____
                                                        DEPUTY CLERK

## REQUEST FOR NOTICE

NOW INTO COURT, through undersigned counsel, come the Defendants, American Commercial Realty Corp., Home Depot USA, Inc. and Cincinnati Insurance Company, and, pursuant to Louisiana C.C.P. Article 1572, move this Honorable Court for written notice ten (10) days in advance of the date fixed for trial or hearing in the above-captioned proceedings, and pursuant to Louisiana C.C.P. Articles 1913 and 1914, request immediate notice of all interlocutory and final orders and judgments.

Respectfully submitted,

**GAUDRY, RANSON, HIGGINS
& GREMILLION, LLC**


BY: _____
**WADE A. LANGLOIS, III, T.A. (#17681)
JOHN J. DANNA, JR. (#28894)
GINO R. FORTE (#29190)
KAYLYN E. BLOSSER (#38673)**
401 Whitney Ave., Suite 500
Gretna, LA  70056
Telephone:  (504) 362-2466
Fax:  (504) 362-5938
*Counsel for Defendants,
American Commercial Realty Corp.,
Home Depot U.S.A., Inc. and Cincinnati
Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, on this 12th day of July, 2022, electronically

served a true and correct copy of the foregoing to the following:

Brian King (Via email:  bking@kinginjuryfirm.com)
Jason Giles (Via email:  jgiles@kinginjuryfirm.com)
The King Firm, LLC
2912 Canal Street
New Orleans, LA  70119

_____
GINO R. FORTE

g:\4076\0006 - moreland\pleadings\request for notice.docx

2

24th JDC NO. 764-137 Div. H

24th E-Filed: 07/12/2022 11:24 Case: 827970 Div:C Atty:029190 GINO R FORTE

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

No. 827-970                                                          DIVISION "C"

KATHY MORELAND

VS.

AMERICAN COMMERCIAL REALTY CORP, CINCINNATI INSURANCE COMPANY
and HOME DEPOT U.S.A., INC.

FILED: _____          _____
                                              DEPUTY CLERK

### MOTION TO COMPEL RESPONSES TO DISCOVERY

NOW INTO COURT, through undersigned counsel, come Defendants, American Commercial Realty Corp., Home Depot USA, Inc., and Cincinnati Insurance Company, and submit this Motion to Compel Responses to Discovery against the Plaintiff, Kathy Moreland.

As more fully set forth in the accompanying Memorandum and exhibits, Kathy Moreland has not responded to the Request for Admission from the Defendants. Further, Kathy Moreland has not provided complete and full responses to the Interrogatories, specifically providing information about her claimed injuries and damages.

WHEREFORE, considering the foregoing Motion to Compel, the Plaintiff should be cited with this Motion to Compel and Rule to Show Cause and, after a hearing is held in the matter, the Court should compel the Plaintiff to respond to the Defendants' Request for Admission and to fully and completely answer Interrogatory questions with regard to her claimed injuries and damages.

Respectfully submitted:

**GAUDRY, RANSON, HIGGINS & GREMILLION, LLC**

BY: _____

**WADE A. LANGLOIS (#17681)
GINO R. FORTE (#29190)
JOHN J. DANNA (#28894)
KAYLYN E. BLOSSER (#38673)**
401 Whitney Ave., Suite 500
Gretna, LA  70056
Telephone:  (504) 362-2466
Fax:  (504) 362-5938
*Attorneys for Defendants*

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

No. 827-970                                                              DIVISION "C"

KATHY MORELAND

VS.

AMERICAN COMMERCIAL REALTY CORP, CINCINNATI INSURANCE COMPANY
and HOME DEPOT U.S.A., INC.

FILED: _____            _____
                                                      DEPUTY CLERK

## RULE TO SHOW CAUSE

Considering the Foregoing Motion to Compel Responses to Discovery filed by the

Defendants,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Plaintiff, Kathy

Moreland, appear and show cause at 9:00 a.m. on the 9th day of November, 2022 as to

why the Motion to Compel filed by the Defendants should not be granted, why Kathy

Moreland should not be compelled to answer the Request for Admission and fully respond

to Interrogatory questions regarding her claimed injuries and damages.

Signed in Gretna, Louisiana, on this _04_   day of ____October____, 2022.

                                        _____
                                              June Berry Darensburg
                                        JUDGE

**Please Serve:**

**Kathy Moreland**
Through her attorney of record:
**Brian King**
The King Firm, LLC
2912 Canal Street
New Orleans, LA 70119

2022

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

2

*827-970*
*D1-860*
*Div C*

**Alecia M. LaCour**

| | |
|---|---|
| **From:** | Alecia M. LaCour |
| **Sent:** | Tuesday, September 27, 2022 4:20 PM |
| **To:** | 'KMENTZ@GRHG.NET' |
| **Subject:** | EFile Case: 827970 |

Please contact the civil filing department regarding the document: Mot Compel Response to Discovery.pdf e-filed on 9/27/2022 4:17:24 PM.

GOOD AFTERNOON,

        IN ORDER TO FULLY PROCESS YOUR E-FILE (**MOTION TO COMPEL RESPONSES TO DISCOVERY**), WE WILL NEED A SERVICE CHECK MADE PAYABLE TO THE **ORLEANS PARISH SHERIFF** IN THE AMOUNT OF **$30.00**.

        IF YOU ARE PAYING ONLINE, PLEASE SEND THE CONFIRMATION/RECEIPT OF PAYMENT TO MY EMAIL. IF NOT, FORWARD THE CHECK TO MY ATTENTION: **ALECIA M. LACOUR**. THANK YOU.

*Rec via counter 9/29/22*
*OPSO – 30.00 CK# 33988*

1

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

No. 827-970                                                   DIVISION "C"

KATHY MORELAND

VS.

AMERICAN COMMERCIAL REALTY CORP, CINCINNATI INSURANCE COMPANY
and HOME DEPOT U.S.A., INC.

FILED: _____          _____
                                                   DEPUTY CLERK

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
RESPONSES TO DISCOVERY**

The Defendants, American Commercial Realty Corp, Cincinnati Insurance Company, and Home Depot USA, Inc. submit the following Memorandum in Support of their Motion to Compel.

This case arises from an alleged trip-and-fall in the parking lot of a Home Depot store.  The Defendants issued Requests for Admissions, Interrogatories, and Requests for Production to the Plaintiff, Kathy Moreland, on July 13, 2022. A copy of the Request for Admissions has been attached here as Exhibit "A."  Plaintiff has not responded to the Request for Admission, seeking an admission that this claim exceeds $75,000 exclusive of interest and cost.

Plaintiff responded to Interrogatories (responses attached here as Exhibit "B") and to the Requests for Production (responses attached here as Exhibit "C").  Plaintiff also provided medical records from Bone & Joint Clinic and primary care physician, Dr. Tillery. In responding to the Interrogatories, Plaintiff did not provide complete responses regarding the claimed injuries. Interrogatory No. 2 asked the Plaintiff to "state in detail what injuries you sustained in the accident upon which this suit is based." Plaintiff's response was to "see medical records attached."  The problem with this response is that only the Plaintiff knows what she is claiming in reference to this lawsuit and the records are not entirely clear if she is claiming all of her complaints, or just certain complaints, made to her doctor (as listed in the medical record) in relation to the accident.

Interrogatory No. 5 requested that the Plaintiff identify all doctors she has seen because of this accident and the charges for each. As with Interrogatory No. 2, plaintiff

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

simply referred to the medical records. The problem with a response such as this is that only the plaintiff, through counsel, can relate specific treatment to her claim. The records provided indicate that the Plaintiff had pre-existing conditions for which she treated with Bone & Joint Clinic and Dr. Tillery. So, more specific interrogatory responses are needed to confirm whether she is claiming (1) that the injury caused this condition; (2) that the injury aggravated this condition, or (3) the condition is unrelated to the accident.

Undersigned counsel attempted a Rule 10.1 conference with counsel for Plaintiff on September 6th. See email chain attached here as Exhibit "D." Although the Responses to Interrogatories (which are deficient) and Responses to Request for Production were received, undersigned counsel advised via email on September 12th that Responses to Requests for Admissions would be needed and more complete Responses to the Interrogatories would be needed. Although Plaintiff's counsel stated that he would provide a Response to the Request for Admission, no response has been received as of this time.

Considering the foregoing, the Defendants urge that Plaintiff be cited with this Motion to Compel, that a hearing on the matter be set, and that following such hearing the Plaintiff be compelled to respond to the Requests for Admissions and to provide more complete responses to the Interrogatories. Specifically, Plaintiff should describe the nature and extent of her injuries and treatment which she is relating to the accident at issue in this case.

Respectfully submitted:

**GAUDRY, RANSON, HIGGINS & GREMILLION, LLC**

BY: _____

**WADE A. LANGLOIS (#17681)**
**GINO R. FORTE (#29190)**
**JOHN J. DANNA (#28894)**
**KAYLYN E. BLOSSER (#38673)**
401 Whitney Ave., Suite 500
Gretna, LA 70056
Telephone: (504) 362-2466
Fax: (504) 362-5938
*Attorneys for Defendants, American Commercial Realty Corp, Home Depot USA, Inc., and Cincinnati Insurance Company*

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, on this ⅃7 day of September 2022,

electronically served a true and correct copy of the foregoing Motion to Compel to the

following:

Brian King (Via email:  bking@kinginjuryfirm.com)
Jason Giles (Via email:  jgiles@kinginjuryfirm.com)
The King Firm, LLC
2912 Canal Street
New Orleans, LA  70119

                                    GINO R. FORTE

G:\4076\0006 - Moreland\Discovery\Mot Compel Response to Discovery.docx

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

No. 827-970                                           DIVISION "C"

KATHY MORELAND

VS.

AMERICAN COMMERCIAL REALTY CORP, CINCINNATI INSURANCE COMPANY
and HOME DEPOT U.S.A., INC.

FILED: _____            _____
                                            DEPUTY CLERK

### REQUEST FOR ADMISSIONS

TO:   Plaintiff, Kathy Moreland
      Through her attorneys of record:
      Brian King (#24817)
      Jason F. Giles (#29211)
      The King Firm, LLC
      2912 Canal Street
      New Orleans, LA 70119

      Please answer the following Request for Admission under oath, comfortably to the

Louisiana Code of Civil Procedure, within thirty (30) days after service hereof:

**REQUEST FOR ADMISSION NO. 1:**

      Admit that Kathy Moreland's claim exceeds $75,000.00 exclusive of interest and

costs.

                              Respectfully submitted:

                              **GAUDRY, RANSON, HIGGINS &
                              GREMILLION, LLC**

                        BY:   _____

                              **WADE A. LANGLOIS (#17681)
                              GINO R. FORTE (#29190)
                              JOHN J. DANNA (#28894)
                              KAYLYN E. BLOSSER (#38673)**
                              401 Whitney Ave., Suite 500
                              Gretna, LA 70056
                              Telephone: (504) 362-2466
                              Fax: (504) 362-5938
                              *Attorneys for Defendants, American
                              Commercial Realty Corp, Home Depot
                              USA, Inc., and Cincinnati Insurance
                              Company*

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE



EXHIBIT

A

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon

all counsel of record via electronic means or by depositing same in the U.S. Mail, properly

addressed and postage prepaid, this ___13___ day of July 2022.

GINO R. FORTE

G:\4076\0006 - Moreland\Discovery\RFA to Plaintiff (Moreland).docx

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

No. 827-970                                               DIVISION "C"

KATHY MORELAND

VS.

AMERICAN COMMERCIAL REALTY CORP, CINCINNATI INSURANCE COMPANY
and HOME DEPOT U.S.A.. INC.

FILED: _____        _____
                                      DEPUTY CLERK

### ANSWER TO INTERROGATORIES

**NOW INTO COURT**, through undersigned counsel comes Plaintiff, **KathyMoreland**, who in answering the Interrogatories propounded by Defendants. **American Commercial Realty Corp, Cincinnati Insurance Company, and Home Depot U.S.A., Inc.**, respectfully avers:

INTERROGATORY NO. 1:

Please state the following:

    (a) Your name;

    (b) Any other names you have used or been known by;

    (c) Your date and place of birth;

    (d) Your marital status at the time of the accident;

    (e) Your present marital status;

    (f) Your spouse's name;

    (g) Your children's names and ages;

    (h) Driver's license number and State of issuance;

    (i) Your present address;

    (j) Your Social Security number;

    (k) Your home and cell phone numbers;

    (l) Any and all email addresses used by you in the last ten years.

ANSWER TO INTERROGATORY NO. 1:

    (a)    Kathy J. Moreland

    (b)    Kathy Evans

    (c)    ██████ Galena Park, TX

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE



EXHIBIT
B
ALL STATE LEGAL®

(d)     Divorce

(e)     Single

(f)     N/A

(g)     April Beetz 43; Louis Joseph Evans, III - deceased

(h )    1004212416, LA

(i)     2134 Easter Lane, New Orleans, LS 70114

(j)     ▓▓▓▓▓▓

(k)     Home ▓▓▓▓▓▓; cell ▓▓▓▓▓▓

(l)     ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

## INTERROGATORY NO. 2:

Please state in detail what injuries you sustained in the accident upon which this suit is based.

## ANSWER TO INTERROGATORY NO. 2:

Plaintiff objects to Interrogatory No. 2 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 2 because it is premature, as Plaintiff's medical issues and treatment are ongoing.

Subject to the stated objections and without waiving or limiting same, see medical records attached.

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

## INTERROGATORY NO. 3:

If you have fully recovered from any of the said injuries, state approximately the date you recovered from each particular injury. If you have not fully recovered from all injuries, please state in what respects you are still affected by them.

## ANSWER TO INTERROGATORY NO. 3:

Plaintiff objects to Interrogatory No. 3 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 3 because it is premature, as Plaintiff's medical issues and treatment are ongoing.

Subject to the stated objections and without waiving or limiting same, see medical records, attached.

2

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

**INTERROGATORY NO. 4:**

Please state the names and addresses of all hospitals, clinics, nursing homes or other institutions in which you have been confined or received out-patient treatment because of this accident, giving dates of confinement and dates of out-patient treatment in each institution, the general nature of treatment rendered at each institution, the charges for same and the amounts that have been paid.

**ANSWER TO INTERROGATORY NO. 4:**

Plaintiff objects to Interrogatory No. 4 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 4 because it is premature, as Plaintiff's medical issues and treatment are ongoing.

Subject to the stated objections and without waiving or limiting same, see medical records and bills attached.

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

**INTERROGATORY NO. 5:**

Please state the names and addresses of all doctors, therapists, psychologists or other persons engaged in the healing arts, who have rendered service to you, whether in a hospital or elsewhere, because of the accident. Please state the dates on which each service was rendered, and where, and the charges made for each service, the amount that has been paid with respect thereto, and by whom it has been paid.

**ANSWER TO INTERROGATORY NO. 5:**

Plaintiff objects to Interrogatory No. 5 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 5 because it is premature, as Plaintiff's medical issues and treatment are ongoing.

Subject to the stated objections and without waiving or limiting same, see medical records and bills, attached.

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

3

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

**INTERROGATORY NO. 6:**

       If you are claiming a loss of income or earning capacity, please state the following in connection with your employment history:

   (a)    The names and addresses of all employers by whom you were employed prior to the accident sued on, together with dates of employment and nature of employment with each of these employers;

   (b)    The names of the employers by whom employed subsequent to the accident sued on and to date, together with dates of employment and nature of employment with each of these employers;

     (c)    The dates you were absent from your employment by reason of this injury;

   (d)    Your rate of pay during any period of absence and the actual amount of wages or income lost;

   (e)    If claiming a loss of overtime hours, the number of overtime hours missed from what you would normally work and the overtime rate of pay if different from your regular rate of pay.

**ANSWER TO INTERROGATORY NO. 6:**

       Plaintiff objects to Interrogatory No. 6 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 6 in that it seeks information that is irrelevant and/or unlikely to lead to the discovery of admissible evidence.

       Subject to the stated objections and without waiving or limiting same, Plaintiff is not currently making a claim for lost wages.

**INTERROGATORY NO. 7:**

       Did you, **before** the accident on which this suit is based, suffer any bodily injury due to accident or incident (e.g. workplace accident, automobile accident, fall, altercation, etc.)? If so, with respect to each such injury, please state the date of the accident/incident, and briefly describe the accident/incident and the injuries you sustained therein. Indicate the amount of time you lost from work because of the injury; state what physicians examined or treated you in connection therewith, and state against whom, if any, you made any claim whatsoever because of the accident/incident.

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

4

ANSWER TO INTERROGATORY NO. 7:

 Plaintiff objects to Interrogatory No. 7 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 7 because it is premature, as Plaintiff's medical issues and treatment are ongoing. Finally, Plaintiff objects to Interrogatory No. 7 in that it seeks a medical opinion and asks Plaintiff to substitute his/her opinion for that of a medical expert and thus is improper.

 Subject to the stated objections and without waiving or limiting same, Plaintiff injured her back in 2003 while working at West Jefferson Medical Ctr.  Plaintiff received workers' compensation and was treated by Dr. Ralph Katz.

 Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

INTERROGATORY NO. 8:

 Have you sustained any bodily injury as the result of an incident or accident (e.g. workplace accident, automobile accident, fall, altercation, etc.) **after** the accident which gave rise to the present suit?  If so, please state when and where that injury occurred, and describe briefly the accident/incident that caused it, the injuries that resulted therefrom, and any claim which has been made by, for or against you with respect to that occurrence.

ANSWER TO INTERROGATORY NO. 8:

 Plaintiff objects to Interrogatory No. 8 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 8 because it is premature, as Plaintiff's medical issues and treatment are ongoing. Finally, Plaintiff objects to Interrogatory No. 8 in that it seeks a medical opinion and asks Plaintiff to substitute his/her opinion for that of a medical expert and thus is improper.

 Subject to the stated objections and without waiving or limiting same, none.

INTERROGATORY NO. 9:

 Have you ever suffered any impairment or defect, whether caused by disease, by congenital condition, by degeneration, or of any other nature whatever, involving any part or function of the body claimed in this suit to have been injured?  If so, please describe the impairment or defect, its origin and its effect.

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

ANSWER TO INTERROGATORY NO. 9:

Plaintiff objects to Interrogatory No. 9 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 9 in that it seeks information that is irrelevant and/or unlikely to lead to the discovery of admissible evidence.

Subject to the stated objections and without waiving or limiting same, none that Plaintiff can recall.

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

INTERROGATORY NO. 10:

Have you ever been a party to any litigation, arbitration of a dispute, or to any other legal proceeding for compensation? If so, please describe each such matter briefly, including indication of the nature of the claim or controversy, the parties involved, the tribunal, and the outcome.

ANSWER TO INTERROGATORY NO. 10:

Plaintiff objects to Interrogatory No. 10 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 10 in that it seeks information that is irrelevant and/or unlikely to lead to the discovery of admissible evidence.

Subject to the stated objections and without waiving or limiting same, Plaintiff recalls the aforementioned workers compensation claim from 2003.

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

INTERROGATORY NO. 11:

Please set forth the name, home address and business address of any person or persons whom you know or have cause to believe:

(A)     Saw all or part of the accident;

(B)     Was present at or near the scene of the accident;

(C)     Has any knowledge of facts pertaining to the cause of the accident or other matters relevant to the liability of the defendant and on whom you contemplate you may rely to prove the liability of any defendant herein, or any element of such liability.

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

ANSWER TO INTERROGATORY NO. 11:

Plaintiff objects to Interrogatory No. 11 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 11 because it is premature, as discovery in this matter are incomplete and ongoing. Finally, Plaintiff objects to Interrogatory No. 11 on the grounds that it seeks information which was prepared in anticipation of litigation, constitutes attorney work product, and/or is subject to attorney/client privilege.

Subject to the stated objections and without waiving or limiting same, the following individuals may have witnessed and/or have knowledge pertaining to the subject accident:

Dane Ryan

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

INTERROGATORY NO. 12:

Please state the name, last known address, and place of work of every person who has been interviewed by you, your attorney, your insurer, or any other person acting on your behalf or that of your insurer, concerning the accident or consequences thereof.

ANSWER TO INTERROGATORY NO. 12:

Plaintiff objects to Interrogatory No. 12 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 12 in that it seeks information that is irrelevant and/or unlikely to lead to the discovery of admissible evidence.

Subject to the stated objections and without waiving or limiting same, none at the present time.

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

INTERROGATORY NO. 13:

Please state the name and address of every physician, chiropractor or other practitioner of the medical arts, including hospitals, whom you have seen or treated with for the last ten (10) years. For each physician listed, state the reason for treatment.

ANSWER TO INTERROGATORY NO. 13:

1.    Dr. Patricia Strada (GP)

2.    Dr. Tillery
      Tillery Family Practice

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

3646 General De Gaulle Dr.
New Orleans, LA 70114

3.     Dr. Dominique Anwar
       Ochsner Medical Center

4.     Dr. Michael McSween
       4700 Wichers Dr.
       Marrero, LA 70072

5.     West Jefferson Medical Center

6.     Ochsner Medical Center Westbank

7.     Dr. Michael Castine (Cardiologist)
       Ochsner Medical Center - West Bank Campus
       2500 Belle Chasse Hwy
       Gretna, LA 70056

8.     Dr. Ronald Mowad
       Ochsner Medical Center - West Bank
       2500 Belle Chasse Hwy
       Gretna, LA 70056

9.     Dr. Juan Velez
       Ochsner Medical Center
       1514 Jefferson Hwy
       New Orleans, LA 70121

**INTERROGATORY NO. 14**:

Please identify each and every pharmacy where you have had a prescription filled within

the past ten (10) years, indicating the name and location of such pharmacy.

**ANSWER TO INTERROGATORY NO. 14:**

1.     West Jefferson Medical Center Pharmacy
       1111 Medical Center

2.     CVS Pharmacy
       3621 General De Gaulle
       New Orleans, LA 70114

3.     Walgreens Pharmacy
       4110 General De Gaulle Dr.
       New Orleans, LA

4.     Walmart

5.     Colvin's Pharmacy

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

8

INTERROGATORY NO. 15:

Please identify the name of any health insurer who has provided coverage for you within the past ten (10) years, including but not limited to any HMO, PPO, Medicaid, Tricare, or other medical insurance plan. In doing so, please provide the full name of the primary policy holder and policy/member number if available.

ANSWER TO INTERROGATORY NO. 15:

Plaintiff objects to Interrogatory No. 15 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 15 in that it seeks information that is irrelevant and/or unlikely to lead to the discovery of admissible evidence.

Subject to the stated objections and without waiving or limiting same, to the best of Plaintiff's current knowledge and belief, Plaintiff was insured through Humana, ID # H66123425 and People's Health.

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

INTERROGATORY NO. 16:

Please state whether or not you have had any slips, trips or falls in the last ten (10) years. If your answer is "Yes", please state the date, where it occurred, and what injuries you received

ANSWER TO INTERROGATORY NO. 16:

Plaintiff objects to Interrogatory No. 16 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 16 in that it seeks information that is irrelevant and/or unlikely to lead to the discovery of admissible evidence.

Subject to the stated objections and without waiving or limiting same, about nine year ago at home, Plaintiff suffered from vertigo and fell backwards and hurt her neck.

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

INTERROGATORY NO. 17:

In paragraph 3 of your Petition, you claim that you "fell inside a hole or crack on the premises." With respect to the "hole or crack," please describe is approximate length, width, and depth.

9

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

<u>ANSWER TO INTERROGATORY NO. 17:</u>

Plaintiff objects to Interrogatory No. 17 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 17 in that it seeks information that is irrelevant and/or unlikely to lead to the discovery of admissible evidence.

Subject to the stated objections and without waiving or limiting same, the hole Plaintiff fell in was about 8 or 9 inches long, 5 to 6 inches in width and about 1 ½ inches deep. There was also crumbled gravel in the hole which made it hard for anyone to actually see the hole.

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

<u>INTERROGATORY NO. 18</u>:

With respect to the alleged "hole or crack," were you able to see or otherwise perceive the "hole or crack" before you fell? If you did not see or perceive the "hole or crack" before the accident, please explain why you did not see it.

<u>ANSWER TO INTERROGATORY NO. 18:</u>

Plaintiff objects to Interrogatory No. 18 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 18 in that it is argumentative.

Subject to the stated objections and without waiving or limiting same, Plaintiff was walking to her vehicle and was looking ahead. She trusted that a safe place for her to park and shop was being provided in exchange for her patronage.

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

<u>INTERROGATORY NO. 19</u>:

If you or anyone you know has taken photographs or video of the subject premises in relation to the alleged "hole or crack," please identify him/her, the date that any photographs/videos were taken, and who is currently in possession of photographs/videos.

<u>ANSWER TO INTERROGATORY NO. 19:</u>

Plaintiff objects to Interrogatory No. 19 because it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 19 on the grounds that it is premature, as investigations and discovery in this matter are incomplete and ongoing and Plaintiff does not yet know the identity of each and every document, record, photograph, and/or

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

piece of evidence he may seek to introduce at the trial of this matter. Finally, Plaintiff objects to Interrogatory No. 19 on the grounds that it seeks information which was prepared in anticipation of litigation, constitutes attorney work product, and/or is subject to attorney/client privilege.

Subject to the stated objections and without waiving or limiting the same, none.

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

**INTERROGATORY NO. 20:**

Did you speak with anyone at Home Depot, American Commercial Realty Corp, and/or Cincinnati Insurance Company regarding the alleged "hole or crack" and/or your fall and, if so, when and what was discussed?

**ANSWER TO INTERROGATORY NO. 20:**

Plaintiff objects to Interrogatory No. 20 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 20 in that it seeks information that is irrelevant and/or unlikely to lead to the discovery of admissible evidence.

Subject to the stated objections and without waiving or limiting same, Plaintiff spoke to the Manager of Home Depot and filled out an incident report.

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

**INTERROGATORY NO. 21:**

If you contend that any of the Defendants knew about the alleged condition of the hole or crack prior to your fall, or should have known about the alleged condition, please describe those facts and evidence which you believe supports your contention.

**ANSWER TO INTERROGATORY NO 21:**

Plaintiff objects to Interrogatory No. 21 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 21 in that it seeks information that is irrelevant and/or unlikely to lead to the discovery of admissible evidence.

Subject to the stated objections and without waiving or limiting same, the store knew or should have known the condition of their property and this should have been taken care before the accident occurred. Regular inspections and sweeps of the complained property would easily reveal the condition of the property, which necessitated repair.

11

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

Plaintiff reserves the right to supplement and/or amend this answer at a later time.

**INTERROGATORY NO. 22**:

If you have any evidence of other complaints, trips/falls, or injury claims related to alleged holes or cracks in the parking lot at issue, please describe the person(s) involved, the date of the incident/complaint, and the source of your information.

**ANSWER TO INTERROGATORY NO. 22:**

Plaintiff objects to Interrogatory No. 22 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 22 in that it seeks information that is irrelevant and/or unlikely to lead to the discovery of admissible evidence.

Subject to the stated objections and without waiving or limiting same, Plaintiff does not have this information.

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

**INTERROGATORY NO. 23:**

Please specify each element of damages you are claiming and the amount of said damages for each (example PAST MEDICAL damages and DOLLAR ($___) amount of same, etc.)

**ANSWER TO INTERROGATORY NO. 23:**

Plaintiff objects to Interrogatory No. 23 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 23 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and calls for the production of documents that are in possession of third parties. Further, Plaintiff objects to Interrogatory No. 23 in that it is premature and seeks information that is privileged under the attorney / client privilege and/or work product doctrine.

Subject to the objections and without waiving or limiting same, Plaintiff seeks all special damages described in the medicals submitted, which provide the best evidence and speak for themselves. Plaintiff has not and need not calculate general damages at this time.

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

<u>INTERROGATORY NO. 24:</u>

Please list the name, address and telephone number of each witness you may or will call at the trial of this matter whether they be fact or expert witnesses. Please include a short summary of their testimony.

<u>ANSWER TO INTERROGATORY NO. 24:</u>

Plaintiff objects to Interrogatory No. 24 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 24 because it is premature, as discovery in this matter are incomplete and ongoing. Finally, Plaintiff objects to Interrogatory No. 24 on the grounds that it seeks information which was prepared in anticipation of litigation, constitutes attorney work product, and/or is subject to attorney/client privilege.

Subject to the stated objections and without waiving or limiting same, Plaintiff may choose to call the following witnesses at the trial of this matter:

1. Kathy Moreland. (fact)
   2134 Easter Lane
   New Orleans, LA 70114

2. Representative(s) of Tillery Family Practice (medical)

3. Representative(s) of Bone & Joint Clinic (medical)

4. Representative(s) of American Commercial Realty Corp.

5. Representative(s) of Cincinnati Insurance Company

6. Home Depot USA, Inc.

7. Any medical provider of Plaintiff

8. Any other persons who are involved in and/or witnessed the accident

9. Any expert witness(es) deemed necessary, including but not limited to an expert economist, vocational rehabilitation counselor, accident reconstruction expert

10. Any witness listed and/or called by any other party

11. Any witness necessary to identify and/or authenticate any exhibit

12. Any witness whose identity and/or the relevance of whose testimony becomes known through additional discovery

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

13

**INTERROGATORY NO. 25:**

Please list the name, address and telephone number of any expert witness you have consulted as to the captioned matter, whether or not you intend to call the expert as a witness.

**ANSWER TO INTERROGATORY NO. 25:**

Plaintiff objects to Interrogatory No. 25 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 25 because it is premature, as discovery in this matter are incomplete and ongoing. Finally, Plaintiff objects to Interrogatory No. 25 on the grounds that it seeks information which was prepared in anticipation of litigation, constitutes attorney work product, and/or is subject to attorney/client privilege.

Subject to the stated objections but without waiving or limiting same, no other experts have been retained at this time. Plaintiff will supplement in accordance with Court Order.

**INTERROGATORY NO. 26:**

Please provide a list of each and every exhibit that you will or may introduce at the trial of this matter.

**ANSWER TO INTERROGATORY NO. 26:**

Plaintiff objects to Interrogatory No. 26 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Interrogatory No. 26 on the grounds that it is premature, as investigations and discovery in this matter are incomplete and ongoing and Plaintiff does not yet know the identity of each and every document, record, photograph, videotape and/or piece of evidence he may seek to introduce at the trial of this matter. Finally, Plaintiff objects to Interrogatory No. 9 on the grounds that it seeks information which was prepared in anticipation of litigation, constitutes attorney work product, and/or is subject to attorney/client privilege.

Subject to the stated objections and without waiving or limiting same, Plaintiff may seek to introduce the following documents, writings, and/or tangible items at the trial of this matter:

1. Any document attached hereto;

2. Any medical record of Plaintiff;

3. Any and all expert reports;

4. Any document produced in discovery;

14

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

5. A certified copy of all insurance policies at issue in this litigation;

6. Any document produced and/or relied upon by any other party;

7. Any document necessary for impeachment purposes.

Plaintiff reserves the right to supplement and/or amend this answer should additional

information become available.

<u>INTERROGATORY NO. 27</u>:

Please identify any online social media accounts that you maintain, providing your online "handle," including but not limited to Facebook, Twitter, Pinterest, Google Plus, Tumblr, Myspace, and Instagram.

<u>ANSWER TO INTERROGATORY NO. 27</u>:

Plaintiff objects to Interrogatory No. 27 as it is vague, overly broad, and unduly burdensome.

Subject to the stated objections and without waiving or limiting same, Plaintiff does have Facebook, but has not been on for quite some time and can't remember her login information.

Plaintiff reserves the right to supplement and/or amend this answer should additional information become available.

Respectfully submitted;

Brian King, La. Bar #24817
Jason F. Giles, La. Bar #29211
The King Firm, LLC
2912 Canal Street
New Orleans, LA 70119
Phone 504-909-5464
Fax 800-901-6470

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have on this 17 day of AUG 2022, served a copy of the foregoing pleading on counsel for all parties to this proceeding by facsimile or email and/or mailing the same by United States Mail, properly addressed and first class postage prepaid.

**BRIAN KING**

15

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

No. 827-970                                              DIVISION "C"

KATHY MORELAND

VS.

AMERICAN COMMERCIAL REALTY CORP, CINCINNATI INSURANCE COMPANY
and HOME DEPOT U.S.A.. INC.

FILED: _____        _____
                                         DEPUTY CLERK

## RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, **Kathy Moreland**,

who in responding to the Request for Production of Documents propounded by Defendants,

**American Commercial Realty Corp, Cincinnati Insurance Company, and Home Depot**

**U.S.A., Inc.,** respectfully avers:

### REQUEST FOR PRODUCTION NO. 1:

Please provide copies of any and all written medical reports, notes, and other medical

records in connection with plaintiff's alleged injury.

### RESPONSE TO REQUEST NO. 1:

See medical records, attached.

### REQUEST FOR PRODUCTION NO. 2:

Please provide each and every bill, statement for services rendered, or other expense

claimed by you to be an item of special damages sustained as a result of your alleged accident.

### RESPONSE TO REQUEST NO. 2:

See attached.

### REQUEST FOR PRODUCTION NO. 3:

If you are claiming a loss of income or loss of earning capacity, please provide copies of

your Federal Income Tax returns for the last five (5) years.

### RESPONSE TO REQUEST NO. 3:

Plaintiff objects to Request No. 3 as it is vague, overly broad, and unduly burdensome.

Additionally, Plaintiff objects to Request No. 3 in that it seeks information that is irrelevant

and/or unlikely to lead to the discovery of admissible evidence.



24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

Subject to the stated objections and without waiving or limiting same, Plaintiff is not currently making a claim for lost wages.

**REQUEST FOR PRODUCTION NO. 4:**

Please provide an executed release authorizing Social Security Information (copy of which is attached hereto).

**RESPONSE TO REQUEST NO. 4:**

Objection. Plaintiff is not making a claim for lost wages.

**REQUEST FOR PRODUCTION NO. 5:**

Please provide any and all photographs or videotapes in your possession whether intended for use at trial or not which were taken in connection with the above captioned lawsuit, including any photographs or videos of the scene of your fall, any holes or cracks in the subject parking lot that you claim caused your fall, and of your alleged injuries (e.g. cuts, bruises, etc.).

**RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to Request No. 5 because it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Request No. 5 on the grounds that it is premature, as investigations and discovery in this matter are incomplete and ongoing and Plaintiff does not yet know the identity of each and every document, record, photograph, and/or piece of evidence he may seek to introduce at the trial of this matter. Finally, Plaintiff objects to Request No. 5 on the grounds that it seeks information which was prepared in anticipation of litigation, constitutes attorney work product, and/or is subject to attorney/client privilege.

Subject to the stated objections and without waiving or limiting the same, none at the present time.

**REQUEST FOR PRODUCTION NO. 6:**

Please provide any and all tangible objects, writing, books, treatises, or other exhibits which may be introduced at the time of the trial and/or hearing on motion for summary judgment in this matter.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to Request No. 6 because it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Request No. 6 on the grounds that it is premature, as investigations and discovery in this matter are incomplete and ongoing and Plaintiff does not yet know the identity of each and every document, record, photograph, and/or piece of evidence

-2-

he may seek to introduce at the trial of this matter. Finally, Plaintiff objects to Request No. 6 on the grounds that it seeks information which was prepared in anticipation of litigation, constitutes attorney work product, and/or is subject to attorney/client privilege.

Subject to the stated objection and without waiving or limiting same, Plaintiff may seek to introduce the following documents, writings, and/or tangible items at the trial of this matter:

1. Any document attached hereto;

2. Any medical record of Plaintiff;

3. Any and all expert reports;

4. Any document produced in discovery;

5. A certified copy of all insurance policies at issue in this litigation;

6. Any document produced and/or relied upon by any other party;

7. Any document necessary for impeachment purposes.

Plaintiff reserves the right to supplement and/or amend this response should additional information become available.

**REQUEST FOR PRODUCTION NO. 7:**

Please provide signed medical releases authorizing any and all health care providers who provided care to you within the last ten (10) years to release all medical records to the undersigned attorney, as well as pharmacies from which you have filled any prescription medication. (See attached)

**RESPONSE TO REQUEST NO. 7:**

Please see the attached.

**REQUEST FOR PRODUCTION NO. 8:**

Please provide color photographs of the shoes that you were wearing at the time of the incident.

**RESPONSE TO REQUEST NO. 8:**

Please see the attached.

**REQUEST FOR PRODUCTION NO. 9:**

With respect to experts you may call to testify at trial, please produce the following:

(a) Any and all documents or things you provided them to review;

(b) Any and all expert reports they have provided to you; and

(c) A copy of their C.V. and/or resume.

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to Request No. 9 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Request No. 9 because it is premature, as discovery in this matter are incomplete and ongoing. Finally, Plaintiff objects to Request No. 9 on the grounds that it seeks information which was prepared in anticipation of litigation, constitutes attorney work product, and/or is subject to attorney/client privilege.·

Subject to the stated objections but without waiving or limiting same, no other experts have been retained at this time.

**REQUEST FOR PRODUCTION NO. 10:**

Please download and produce your Facebook content from six (6) months prior to the accident to the present. This is accomplished by logging on to your Facebook account, clicking on "Account" at the top right-hand corner, clicking "Account Settings," scrolling to "Download Information," and clicking on "Learn More." Then select "Download." Once the information has downloaded, please save to a disc and return with your discovery responses.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to Interrogatory No. 28 as it is vague, overly broad, and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce any and all communication between you and any other person, excluding your attorney, in connection with this matter.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to Request No. 11 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Request No. 11 in that it seeks information that is irrelevant and/or unlikely to lead to the discovery of admissible evidence and is protected by the collateral source rule.

Subject to the stated objections and without waiving or limiting same, Plaintiff has none.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all documents, records, photographs, videos, and things which support your theory of liability against the Defendants, including any evidence of a hole/crack in the parking lot, any Defendant's prior knowledge of that condition, and/or any condition which you believed caused or contributed to your cause of your fall.

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

<u>**RESPONSE TO REQUEST NO. 12:**</u>

Plaintiff objects to Request No. 12 because it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Request No. 12 on the grounds that it is premature, as investigations and discovery in this matter are incomplete and ongoing and Plaintiff does not yet know the identity of each and every document, record, photograph, and/or piece of evidence he may seek to introduce at the trial of this matter. Finally, Plaintiff objects to Subject to the stated objections and without waiving or limiting the same, all responsive documents in Plaintiff's possession are attached.

<u>**REQUEST FOR PRODUCTION NO. 13**</u>:

Please produce all documents, records, and things which support your claim of damages, including any supporting documentation for loss of income; loss of earning capacity, disability, pain and suffering, mental anguish, and loss of enjoyment of life.

<u>**RESPONSE TO REQUEST NO. 13:**</u>

Plaintiff objects to Request No. 13 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Request No. 13 because it is premature, as discovery in this matter are incomplete and ongoing. Finally, Plaintiff objects to Request No. 16 on the grounds that it seeks information which was prepared in anticipation of litigation, constitutes attorney work product, and/or is subject to attorney/client privilege. Subject to the stated objection and without waiving or limiting same, Plaintiff is not making a lost wage claim.

<u>**REQUEST FOR PRODUCTION NO. 14**</u>:

If you have any recorded statements, affidavits, or recordings of phone conversations or in-person conversations with any witness to the accident, any employee or former employee of Home Depot, American Commercial Realty Corp, The Cincinnati Insurance Company, adjuster, or investigator regarding the accident at issue or the condition of the premises on the day in question, please produce a copy of same.

<u>**RESPONSE TO REQUEST NO. 14:**</u>

Plaintiff objects to Request No. 14 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Request No. 14 because it is premature, as discovery in this matter are incomplete and ongoing. Finally, Plaintiff objects to Request No. 14 on the grounds that it seeks information which was prepared in anticipation of litigation, constitutes attorney work product, and/or is subject to attorney/client privilege.

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

Subject to the stated objections and without waiving or limiting same, none at this time.

Plaintiff reserves the right to supplement and/or amend this response should additional information become available.

REQUEST FOR PRODUCTION NO. 15:

Please produce a signed authorization for the release of employment records from your employer(s) within the last ten (10) years.

RESPONSE TO REQUEST NO. 15:

Plaintiff objects to Request No. 15 as it is vague, overly broad, and unduly burdensome. Additionally, Plaintiff objects to Request No. 15 in that it seeks information that is irrelevant and/or unlikely to lead to the discovery of admissible evidence.

Subject to the stated objections and without waiving or limiting same, Plaintiff is not currently making a claim for lost wages.

Respectfully submitted,

Brian King, La. Bar #24817
Jason F. Giles, La. Bar #29211
The King Firm, LLC
2912 Canal Street
New Orleans, LA 70119
Phone 504-909-5464
Fax 800-901-6470

### CERTIFICATE OF SERVICE

I hereby certify that copies of the above and foregoing pleading have been served on all counsel of record by hand delivery, and/or by facsimile transmission, and/or by placing same in the United States mail, postage prepaid and properly addressed this 19 day of 9/1/C. 2022.

BRIAN KING

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

**Gino R. Forte**

| | |
|---|---|
| **From:** | Gino R. Forte |
| **Sent:** | Monday, September 12, 2022 8:30 AM |
| **To:** | Brian King |
| **Cc:** | jgiles@kinginjuryfirm.com; Wade Langlois; Karen Newcomb; Rebecca Walden |
| **Subject:** | RE: Discovery Responses, Moreland v. Home Depot, Our File No. 4076-0006 |

Brian,

In reviewing the discovery responses of the plaintiff, I don't see any description of her injury.  From the limited bills, it appears that she received some physical therapy from the Bone & Joint Clinic related to her knees. The Tillery records appear to be general practitioner visits.  We will use the authorizations to request records, but the discovery responses should indicate what the nature of the injury is that she is claiming.  That is particularly true when the records are limited as they are.

Finally, plaintiff has not responded to our Requests for Admissions.

I will await supplemental responses to the interrogatories and responses to requests for admissions by Sep. 20th, unless you feel the need to confer further.

Regards,

Gino R. Forte
Partner
GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.
Oakwood Corporate Center
401 Whitney Avenue, Suite 500
Gretna, Louisiana 70056
Telephone:  (504) 362-2466
Fax:  (504) 362-5938

*This e-mail communication and the documents accompanying it may contain information that is intended only for the recipient named and may be confidential and subject to the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you have received this e-mail in error, and that any review, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (call collect at 504-362-2466) to make arrangements for returning the original e-mail to us.*

**From:** Brian King <bking@kinginjuryfirm.com>
**Sent:** Thursday, September 8, 2022 4:03 PM
**To:** Gino R. Forte <GForte@grhg.net>
**Cc:** jgiles@kinginjuryfirm.com; Wade Langlois <WLanglois@grhg.net>; Karen Newcomb <knewcomb@grhg.net>; Rebecca Walden <rwalden@grhg.net>
**Subject:** Re: Discovery Responses, Moreland v. Home Depot, Our File No. 4076-0006

my paralegal sent, or tried to. I just tried to re-forward, and think I see the problem- it bounced back as too large. I will break up and send.

On Thu, Sep 8, 2022 at 3:33 PM Gino R. Forte <GForte@grhg.net> wrote:
1

EXHIBIT
D

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

Brian,

I double-checked my email and Wade's inbox from August 19th and do not see the responses from plaintiff.

Gino R. Forte

Partner

GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.

Oakwood Corporate Center

401 Whitney Avenue, Suite 500

Gretna, Louisiana 70056

Telephone:  (504) 362-2466

Fax:  (504) 362-5938

*This e-mail communication and the documents accompanying it may contain information that is intended only for the recipient named and may be confidential and subject to the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you have received this e-mail in error, and that any review, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (call collect at 504-362-2466) to make arrangements for returning the original e-mail to us.*

**From:** Brian King <bking@kinginjuryfirm.com>
**Sent:** Thursday, September 8, 2022 3:27 PM
**To:** Gino R. Forte <GForte@grhg.net>
**Cc:** jgiles@kinginjuryfirm.com; Wade Langlois <WLanglois@grhg.net>; Karen Newcomb <knewcomb@grhg.net>; Rebecca Walden <rwalden@grhg.net>
**Subject:** Re: Discovery Responses, Moreland v. Home Depot, Our File No. 4076-0006

check your email from August 19. Didn't we email them to you back then?

On Tue, Sep 6, 2022 at 2:29 PM Gino R. Forte <GForte@grhg.net> wrote:

Dear Jason:

2

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

This will confirm that I attempted to reach you by phone this afternoon for a Rule 10.1 conference and left you a VM regarding defendants' discovery to your client, Kathy Moreland, and Ms. Moreland's overdue responses. Defendants will provide an additional two weeks for Ms. Moreland to respond. I will note my calendar for Sep. 20th to receive the responses. If not received by that time, we will have to file a motion to compel. Of course, I assume that won't be necessary and thank you in advance for your courtesy and cooperation.


Sincerely,


Gino R. Forte

Partner

GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.

Oakwood Corporate Center

401 Whitney Avenue, Suite 500

Gretna, Louisiana 70056

Telephone: (504) 362-2466

Fax: (504) 362-5938


*This e-mail communication and the documents accompanying it may contain information that is intended only for the recipient named and may be confidential and subject to the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you have received this e-mail in error, and that any review, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (call collect at 504-362-2466) to make arrangements for returning the original e-mail to us.*


--

Brian King
**The King Firm, LLC**
2912 Canal Street

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

New Orleans, Louisiana 70119
Phone 504-909-5464

Direct Dial 504-304-2360
Fax 800-901-6470


--
Brian King
**The King Firm, LLC**
2912 Canal Street
New Orleans, Louisiana 70119
Phone 504-909-5464
Direct Dial 504-304-2360
Fax 800-901-6470

24th E-Filed: 09/27/2022 16:17 Case: 827970 Div:C Atty:029190 GINO R FORTE

**[ SERVICE COPY ]  /  [RETURN COPY]**

(300)  NOTICE OF DATE SET TO ATTORNEY: GINO R FORTE;

**24TH JUDICIAL DISTRICT COURT**
**PARISH OF JEFFERSON**
**STATE OF LOUISIANA**

KATHY MORELAND
    versus
AMERICAN COMMERCIAL REALTY CORP, CINCINNATI
INSURANCE COMPANY, HOME DEPOT USA INC

Case: 827-970     Div: "C"
D 1  AMERICAN COMMERCIAL
REALTY CORP

GINO R. FORTE
401 WHITNEY AVE
SUITE 500
GRETNA LA 70056

This is to inform you that the MOTION TO COMPEL RESPONSES TO DISCOVERY which you filed on 09/27/2022 in the above captioned matter, has been fixed for hearing/trial on the 9th day of November, 2022 at 9:00 AM.

Issued by the Clerk Of Court on the 4th day of October, 2022.

/s/ Marilyn Guidry
Marilyn Guidry, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

Imaged 10/04/2022 02:55 - Signed: Deputy Clerk of Court /s/ Marilyn Guidry

**[ SERVICE COPY ]  /  [RETURN COPY]**

(104)  RULE TO SHOW CAUSE: MOTION TO COMPEL RESPONSES TO
DISCOVERY; MEMORANDUM/EXHIBITS A-D                    221004-5353-3

### 24TH JUDICIAL DISTRICT COURT
### PARISH OF JEFFERSON
### STATE OF LOUISIANA

KATHY MORELAND
    versus                                    Case: 827-970    Div: "C"
AMERICAN COMMERCIAL REALTY CORP, CINCINNATI      D 1  AMERICAN COMMERCIAL
INSURANCE COMPANY, HOME DEPOT USA INC            REALTY CORP

To: KATHY MORELAND
  through
BRIAN L. KING                                    NO CK# 33988 $30.00
2912 CANAL ST 2ND FL
NEW ORLEANS LA 70119

PARISH OF JEFFERSON

You are hereby ordered to show cause on the 9th day of November, 2022 at 9:00 AM (as per
attached order).

Issued by the Clerk Of Court on the 4th day of October, 2022.

                    /s/ Marilyn Guidry
                    Marilyn Guidry, Deputy Clerk of Court for
                    Jon A. Gegenheimer, Clerk Of Court

_____SERVICE INFORMATION_____

(104)  RULE TO SHOW CAUSE: MOTION TO COMPEL RESPONSES TO
DISCOVERY; MEMORANDUM/EXHIBITS A-D                    221004-5353-3

Received:_____   Served:_____   Returned:_____

Service was made:
     ___ Personal              ___ Domicilary _____

Unable to serve:
     ___ Not at this address   ___ Numerous attempts _____ times
     ___ Vacant                ___ Received too late to serve
     ___ Moved                 ___ No longer works at this address
     ___ No such address       ___ Need apartment / building number
     ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
                Deputy Sheriff
Parish of: _____

Imaged 10/04/2022 02:54 - Signed: Deputy Clerk of Court /s/ Marilyn Guidry